JANVIER, Judge.
Plaintiff, Allen O. Hingle, a pedestrian, having sustained physical injuries when he came into contact with the side of an electric streetcar of defendant, New Orleans Public Service, Inc., brought this suit for damages against the said corporation, alleging that the accident had been caused either by negligence on the part of the motorman in operating the car at an excessive speed or because of the fact that there was a foot rest or step which “protruded over the side of the streetcar and constituted a latent defect in the equipment, * * * ”. Plaintiff prayed for judgment for $14,750.
Defendant denied any negligence on the part of its motorman, and denied also that there was any defect in the streetcar.
From a judgment -dismissing his- suit, plaintiff has appealed.
The accident occurred at about 4:30 o’clock in .the afternoon of December 21, 1944, on the neutral'ground of Canal Street, in New Orleans.
Plaintiff was attempting to cross Canal Street at Rampart Street from the upper to the lower side and the streetcar was proceeding on the neutral ground of Canal Street toward the Mississippi River. Quite a number of other pedestrians were also crossing Canal Street in the same direction as was plaintiff and there were also many who were crossing in the opposite direction. The streetcar and another just ahead of it had stopped for a semaphore -traffic light and when the light turned to green, they both proceeded across the lake side roadway of Rampart Street, across the neutral ground of the two streets, and then across the river side roadway, and the second car, which was involved in the accident, had completed that crossing and gone several feet beyond it when the accident took place.
*905 All of the pedestrians going in both directions except plaintiff waited for both cars to pass, the first having crossed immediately ahead of the one in question. Plaintiff apparently stopped with the other pedestrians and, just as the front end of this, the second car, had passed, he walked or was pushed into the side of the car about eight or nine feet from its front end.
The car was proceeding at a very moderate speed and the gong was being sounded. All except one of the witnesses said that the speed was about four miles an hour, and all except this one witness said that the car stopped within three or four feet after the occurrence of the accident. This one witness, produced by plaintiff, says that the car was being operated at a speed of 30 miles an hour and that it went about 60 feet after plaintiff walked into its side.
Plaintiff admits that he saw both cars and that all of the other pedestrians waited for both to pass. Referring to the second car, plaintiff says that he “stood by in order to let — this car by, I was very close and I got struck, * * He also said: “Evidently I got crowded in the back.” A. M. Katz, plaintiff’s principal witness, says that he saw plaintiff standing on the neutral ground, that there was a “gang of people — he walked in front of them.”
This testimony of plaintiff himself and of his witness Katz shows plainly that there was no fault on the part of anyone except himself.
There is no substance whatever to the charge that the car was defective in that it had a step or footplate on the side which extended so far beyond the side of the car as to be dangerous. These steps are placed on the sides of cars in order that workmen may more easily climb to their tops to do work which may be required there. It is shown that the steps fold and that when they are folded they extend an inch and a half and, when extended, they protrude three and one-half inches. While there is nothing whatever to show that the steps on that car were extended at that time, it is obvious that even if they were extended to their full limit, they were only three and one-half inches beyond the side of the car and plaintiff, having seen the car, should not have been that close to it. The sole cause of the unfortunate accident was plaintiff’s own negligence in walking into the side of the car after its front end had passed.
The judgment appealed from is affirmed at the cost of plaintiff.
Affirmed.