PEARSON, Chief Judge.
These consolidated appeals are brought to review identical orders denying the plaintiff’s motions to vacate orders dismissing their complaints. The circumstances out of which the motions to vacate arose were that after the filing of the complaint in each case the defendant filed a motion to dismiss. These motions to dismiss were properly noticed for hearing before Judge Fritz Gordon, 'one of the judges of the Circuit Court of the Eleventh Judicial Circuit of Florida. Because of Judge Gordon’s illness, the motion calendar on which the motions had been placed was not heard. On the day the motion was to be heard a notice appeared in the Miami Review and Daily Record, a daily newspaper which has been designated by the Circuit Court of the Eleventh Judicial Circuit as its official newspaper, which stated “All motions previously noticed for said date will automatically be carried over to the following Thursday, October 2, 1969.” Thereafter a second notice appeared in the Miami Review announcing that on October 2, 1969, all motions would be heard by Judge William A. Herin, Acting for Judge Gordon. At the hearing on October 2, 1969, the defendants appeared and the plaintiffs did not; thereafter the motions to dismiss the complaints were granted with prejudice. Subsequently, plaintiffs filed motions to vacate the orders of dismissal and filed affidavits in support of the motions. Affidavits were also filed in opposition to the motion to vacate, and a hearing was had on the motions to vacate which were denied. These appeals followed.
The facts outlined appear from the record and are not controverted on appeal. We hold that orders denying plaintiffs’ motions to vacate the orders of dismissal must be reversed under authority of Rule 1.090(d), Florida Rules of Civil Procedure, 30 F.S.A. The rule referred to is as follows :
“(d) For Motions. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.”
Appellee suggests that this rule has not been violated because the court took the action of setting the time for the hearing on the motion to dismiss, and the court, determined the notice that it would give. We hold that the effect of the rule is to require a party whose motion is to be heard to make sure that proper notice is given to the opposing party. This is true even though the court changes the time of the hearing. Of course the requirement for notice may be met by the court itself, either by proper announcement at the time originally scheduled or by written notice from the court.
Appellee further suggests that because the Miami Review and Daily Record has been designated as the official newspaper of the Circuit Court of the Eleventh Judicial Circuit, that notices appearing therein are sufficient to comply with the rule. We think this argument must fail, first, because a local court rule may not be made which overrules the requirements of the Florida Rules of Civil Procedure and second, there is no showing that the designation of the official newspaper was intended to or could have the effect of making notices therein a substitute for written notices required by the Florida Rules of Civil Procedure.
The order denying the motion to vacate in each cause is reversed, and the causes are remanded with directions to enter an order reinstating the cause and with directions to proceed to a further hearing upon the defendants’ motions to dismiss.
Reversed and remanded.