382 So.2d 126 (1980)
DEVOE & RAYNOLDS COMPANY, INC., Appellant,
v.
KDS PAINT COMPANY, INC., and Larry E. Katz, Individually, Appellees.
No. 79-1118.
District Court of Appeal of Florida, Fourth District.
April 2, 1980.
John L. Britton of Friedman, Britton, Cohen, Kaufman, Zinkow, Benson & Schantz, Miami, for appellant.
Peter S. Penrose of Bassett and Penrose, and J. David Lynch of Andrews & Lubbers, Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
This is a timely interlocutory appeal from a non-final order dissolving a pre-judgment writ of replevin which had been obtained pursuant to Section 78.068, Florida Statutes (1977).[1] The sole issue to be considered at *127 this time is whether the procedure followed by the trial court in dissolving the writ was proper.
The record reflects that appellant filed a verified complaint and motion for pre-judgment writ of replevin, posted a replevin bond in the sum of $150,000, obtained an order directing the clerk to issue the writ as well as the writ for "All DEVOE PAINT inventory presently in possession of the Defendant," and had the subject paint replevied and delivered to it.[2]
On May 14, 1979, the same day on which appellant acquired possession of the Devoe paint, appellees served, by mail, upon appellant their motion for dissolution of the prejudgment writ and appeared before the trial court to argue the motion. Appellees concede that the only notice appellant was given of appellees' intention to argue their motion on May 14th was a telephone call. The record on appeal is devoid of any evidence that written notice of the hearing was given.
Section 78.068(6), Florida Statutes (1977), provides:
The defendant, by contradictory motion filed with the court within 10 days after service of the writ, may obtain the dissolution of a prejudgment writ of replevin unless the petitioner proves the grounds upon which the writ was issued. The court shall set down such motion for an immediate hearing. This motion shall be in lieu of the provisions of subsection (4).
Telephoning opposing counsel to inform him of an intention to argue a motion served on opposing counsel by mail on the same day as the intended argument was surely not the procedure contemplated by subsection (6), supra. Moreover, the procedure here was in direct violation of Rule 1.090(d), Florida Rules of Civil Procedure,[3] constituted a denial of due process[4] and was, for all practical purposes, an ex parte consideration of appellees' motion.[5] Absent extraordinary circumstances, proper notice should include written notice[6] served a reasonable time before the time specified for the hearing. The appellees have failed to demonstrate the existence of any such extraordinary circumstances here.
Accordingly, the subject order is reversed and the cause remanded for consideration of appellees' motion for dissolution of the pre-judgment writ of replevin upon the giving of proper notice to appellant.
REVERSED and REMANDED.
DOWNEY, C.J., and ANSTEAD, J., concur.
NOTES
[1] 78.068 Prejudgment writ of replevin

(1) A prejudgment writ of replevin may be issued and the property seized delivered forthwith to the petitioners when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the verified petition or by separate affidavit of the petitioner.
(2) This prejudgment writ of replevin may issue if the court finds, pursuant to subsection (1), that the defendant is engaging in, or is about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the court, or transfer to an innocent purchaser during the pendency of the action or that the defendant has failed to make payment as agreed.
(3) The petitioner must post bond in the amount of twice the value of the goods subject to the writ or twice the balance remaining due and owing, whichever is lesser as determined by the court, as security for the payment of damages the defendant may sustain when the writ is obtained wrongfully.
(4) The defendant may obtain release of the property seized under a prejudgment writ of replevin by posting bond within 5 days after serving of the writ in the amount of one and one-fourth the amount due and owing on the agreement for the satisfaction of any judgment which may be rendered against him.
(5) A prejudgment writ of replevin shall issue only upon the signed order of a circuit court judge or a county court judge.
(6) The defendant, by contradictory motion filed with the court within 10 days after service of the writ, may obtain the dissolution of a prejudgment writ of replevin unless the petitioner proves the grounds upon which the writ was issued. The court shall set down such motion for an immediate hearing. This motion shall be in lieu of the provisions of subsection (4).
[2] The constitutional sufficiency of the procedures required by Section 78.068, Fla. Stat. (1977), was upheld in Gazil, Inc. v. Super Food Services, Inc., 356 So.2d 312 (Fla. 1978).
[3] Fla.R.Civ.P. 1.090(d) provides: "A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing."
[4] Brooker v. Smith, 101 So.2d 607 (Fla. 2nd DCA 1958); State, Dept. of Transportation v. Plunske, 267 So.2d 337 (Fla. 4th DCA 1972).
[5] Hilton v. Florio, 317 So.2d 83 (Fla. 3rd DCA 1975); Lieberman v. Marshall, 236 So.2d 120 (Fla. 1970).
[6] See Polland v. Visual Graphics Corp., 240 So.2d 835 (Fla. 3rd DCA 1970).