522 So.2d 531 (1988)
Michelle HAYMAN, Appellant,
v.
Paul Slade HAYMAN, Appellee.
No. 87-2620.
District Court of Appeal of Florida, Second District.
March 25, 1988.
*532 Cynthia L. Greene of Frumkes and Greene, P.A., Miami, for appellant.
John W. Frost, II and Loula M. Fuller of Frost & Purcell, Bartow, for appellee.
PER CURIAM.
The former wife, Michelle Hayman, appeals an order in which the trial court directed that the parties' minor child be placed in the custody of the former husband, Paul Slade Hayman, pursuant to the terms of the parties' final judgment of dissolution of marriage. We find that the former wife was given inadequate notice of the hearing which preceded the trial court's order and, therefore, reverse.
In November 1985, a final judgment of dissolution of marriage was entered awarding the primary physical residence of the parties' minor child to the former wife under the condition that she remain in Wauchula, Hardee County, Florida. The final judgment provided that "[i]f the Wife moves from Wauchula, Hardee County, Florida, the primary physical residence of the child shall be with the Husband as long as he remains in Wauchula, Hardee County, Florida." Around July 1987, the former wife along with the parties' minor child moved to Sebring, Highlands County, Florida. On July 29, the former husband filed a motion in which he asserted that pursuant to the final judgment he was the custodial parent. In the motion, he also sought to have the former wife's visitation rights established and his obligation to pay child support terminated. On July 31, the former wife responded with a motion seeking to dismiss the former husband's motion and petitioning for a modification of the final judgment's provision relating to the primary physical residence of the minor child. The former wife was informed, however, that the first available hearing date was September 22, 1987.
On August 24, 1987, the former husband filed a motion for contempt against the former wife alleging that he had demanded that she surrender the child to him in accordance with the final judgment but that she had willfully refused to do so. The notice of hearing dated August 24, 1987, indicated that the hearing on this motion was set for 10:30 a.m. on August 25, 1987, that telephonic notice of this hearing was given to the office of the former wife's attorney at 1:35 p.m. on August 24, 1987, and that a copy of the notice was to be hand delivered on the morning of August 25, 1987.
The record reflects that at approximately 11:00 a.m. on August 25, the former wife's attorney filed a motion for continuance on the basis that the attorney did not learn of the scheduled hearing until 5:30 p.m. on August 24 and that she had depositions and a contested hearing scheduled for the day of August 25. The trial judge denied the motion for continuance and held the hearing without the former wife or her attorney being present. At the hearing, the former husband testified that the former wife had promised to return the child to him by 6:00 p.m. on Sunday, August 23 because the former husband had planned to enter the child in school in Wauchula on August 24. When he finally was able to reach the former wife at 11:00 p.m. on August 23, she said she had no intention of returning the child to the former husband and that she planned to enter the child in a Sebring school. Following the hearing, the trial court entered an order directing the former wife to immediately deliver the minor child to the custody of the former husband as the primary residential parent. The former wife timely appealed that order.
We agree with the former wife's contention that she was denied her right to procedural due process because she was not given reasonable notice of the hearing on the husband's motion for contempt. Absent extraordinary circumstances, proper notice should include written notice served a reasonable time before the time specified for the hearing. Devoe & Raynolds Co. v. KDS Paint Co., 382 So.2d 126 (Fla. 4th DCA 1980); Fla.R.Civ.P. 1.090(d). Sub judice, the former wife received written notice on the morning of the hearing, and the *533 fact that the former husband wished to enter the child in school in Wauchula along with the other circumstances of this case did not warrant an "emergency hearing" such as was conducted here. The former husband's failure to provide the former wife with reasonable notice deprived her of an opportunity to be heard and, therefore, constitutes a fundamental denial of due process. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, petition for review denied, 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972). We, accordingly, reverse the trial court's order and remand for a hearing following proper notice.
Upon remand, the trial court shall give the parties an opportunity to submit evidence not only on the former husband's motion for contempt but also on the former wife's petition for modification. The trial court may then determine in accordance with the criteria set forth in section 61.13(3), Florida Statutes (1987), what is in the best interest of the child at this time with regard to which parent should be designated to provide the child's primary physical residence. In light of this disposition, we need not address the other issue raised by the former wife.
Reversed and remanded.
SCHOONOVER, A.C.J., and FRANK and HALL, JJ., concur.