PER CURIAM.
Reversed and remanded for an evidentia-ry hearing on the appellant’s motion to *1360 vacate. After securing a temporary restraining order on November 18, 1988, without notice to the appellant, the appellee scheduled a hearing on temporary support for November 22, 1988. Appellant was served dissolution suit papers on the same day, November 22, 1988, and, according to a subsequently filed motion to vacate was unable to secure the services of an attorney, prepare for, and attend the hearing because of the lack of notice. The trial court entered an order granting temporary relief and, when the appellant filed a motion to vacate the order because of lack of reasonable notice and because the amounts of support ordered were grossly excessive, the trial court refused to permit an eviden-tiary hearing. We believe this was error.
The appellant was entitled to reasonable notice of the hearing on temporary support. See Lieberman v. Marshall, 236 So.2d 120 (Fla.1970); Hayman v. Hayman, 522 So.2d 531 (Fla. 2d DCA 1988); Hart v. Hart, 458 So.2d 815 (Fla 4th DCA 1984); and Devoe and Raynolds Co. v. KDS Paint Co., 382 So.2d 126 (Fla. 4th DCA 1980). Reasonable notice and an opportunity to be heard are at the heart of the due process required by our system of justice. There are no allegations of irreparable harm or emergency set out in the appel-lee’s request for temporary relief that justify denying appellant reasonable notice.
We stop short of directing that the order of temporary support be vacated. However, we remand this cause with directions that appellant be given the opportunity to have an evidentiary hearing on his motion to vacate so that he will have a fair opportunity to contest the provisions of the temporary support order and demonstrate the prejudice suffered by lack of reasonable notice.
ANSTEAD, GLICKSTEIN and GUNTHER, JJ., concur.