649 So.2d 339 (1995)
Lois SOMERVILLE, Appellant,
v.
David L. REUSSER, Appellee.
No. 94-1312.
District Court of Appeal of Florida, Fifth District.
February 3, 1995.
*340 Dr. Lois Somerville, pro se.
No appearance for appellee.
GRIFFIN, Judge.
Lois Somerville ["Somerville"] appeals a post-dissolution order compelling her to place her son on an airplane to visit her ex-husband in Virginia. Appellee, David Reusser ["Reusser"], her ex-husband, has not appeared in this appeal. We reverse.
The record reflects that Somerville and Reusser were divorced in 1992. Somerville was granted primary residential responsibility for their minor child, Royce, but Reusser was apparently given liberal visitation without limitation on where he could take the child while in his custody. In December 1992 or January 1993, Reusser moved from Flagler Beach, Florida to Alexandria, Virginia, but continued to desire visitation with the child. Throughout this time period, Somerville complained about the inadequacy of Reusser's child support payments but, prior to his move, she apparently did not deny Reusser visitation.
In February 1994, Somerville, acting pro se, filed a motion for temporary injunction to prevent Reusser from removing the child from the jurisdiction of the court. She claimed that Reusser had made threats to kidnap the child and to file a custody claim in another jurisdiction. The record indicates a temporary injunction was entered by the circuit court. Nevertheless, the parties continued to discuss visitation between Royce and Reusser.[1]
By certified letter dated March 1, 1994, Reusser wrote Somerville asking that Somerville allow Royce to visit him in Virginia between March 26 and March 31, 1994, and informing Somerville that he had already made the necessary flight reservations. In his letter, he requested that she call him to confirm her agreement. The next day, March 2, 1994, Reusser purchased the airline tickets. Also on March 2, 1994, Somerville filed a notice of absence with the court stating that she would be unavailable for hearings between March 15 and March 23, 1994.[2] On the following day, March 3, 1994, Reusser's request for visitation was delivered to her via certified mail.
*341 Somerville did not respond to Reusser's request so Reusser contacted his Florida counsel, Clayton Simmons, to assist him in obtaining visitation with his son. According to attorney Simmons, he received the airline tickets from Reusser sometime between March 9 and March 15. He testified that he received Somerville's notice of absence on or about March 15. On that date, he attempted to contact her regarding the visitation, but was unable to reach her. Simmons then wrote himself a note on his calendar to contact her on March 22, 1994. Simmons did call Somerville on March 22 and she returned his call around 12 noon, the next day. According to Simmons, during this conversation, Somerville refused his request to put Royce on the airplane to visit his father in Virginia. Simmons then informed her he would file a motion to compel the visitation and seek an emergency hearing on the motion. Somerville claims that she told Simmons he could not get a hearing on such short notice; she told him that when she had tried to get a hearing, it took her three weeks.
Immediately after the telephone conversation on March 23, Simmons prepared a "motion to compel visitation." He contacted the judge's assistant at about 1:30 p.m. and got a hearing time for 3:30 p.m. He then prepared a "Notice of Telephone Hearing" and faxed these documents to Somerville's office. Although the fax shows a transmittal time of 2:58 p.m., Simmons indicated that it was actually transmitted at 1:58 p.m.
Somerville failed to appear at the telephonic hearing; her office advised the conference call operator that she was "in a seminar." Nevertheless, the lower court held the hearing and entered the requested order compelling visitation and ordering Somerville to place her son on the pre-arranged plane flight on March 26, 1994. Simmons faxed a copy of the order to Somerville that afternoon.
On March 24, 1994, Somerville filed a motion for reconsideration of the court's order, claiming that the order violated Florida Rule of Civil Procedure 1.090(d) because she failed to receive reasonable notice of the hearing. The motion for reconsideration was denied.
On appeal, Somerville claims that she failed to receive adequate notice of the telephonic hearing on the motion to compel visitation scheduled for 3:30 p.m. March 23, 1994. Florida Rule of Civil Procedure 1.090(d) provides:
[A] copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing. [Emphasis supplied].
The record reflects that, at most, she received facsimile notice approximately one hour and a half before the hearing took place.
In Hayman v. Hayman, 522 So.2d 531 (Fla. 2d DCA 1988), the Second District Court faced a similar issue. The former wife had been granted primary physical residential responsibility of her minor son when she and the former husband divorced, provided that she remain in Hardee County, Florida. When the former wife moved to Highlands County, the former husband filed a motion asserting that he was the custodial parent. The former wife responded to the former husband's motion seeking to have his motion dismissed and petitioning for modification of the original final judgment provision of the divorce decree relating to the geographic limitations on her physical residence as primary residential custodian. The wife was told that the first available hearing date was two months away. Id. at 532. Nevertheless, the husband immediately filed a motion for contempt against the wife claiming that she violated the final judgment when she failed to surrender the child to him upon demand. A notice of hearing, dated August 24, indicated that the hearing on the motion was set for 10:30 a.m. August 25, that telephonic notice of the hearing was given to the office of the former wife's attorney at 1:35 p.m. on August 24, and that a copy of the notice would be hand delivered on August 25. Id. The former wife's attorney filed a motion to continue on August 25 alleging that she had scheduling conflicts and that she needed more time to prepare for the hearing. The motion for continuance was denied. Following the hearing, the trial court entered an order directing *342 the former wife to deliver the child to the former husband as the primary residential parent. Id.
In reversing the trial court's order, the Second District Court stated:
We agree with the former wife's contention that she was denied her right to procedural due process because she was not given reasonable notice of the hearing on the husband's motion for contempt. Absent extraordinary circumstances, proper notice should include written notice served a reasonable time before the time specified for the hearing. Devoe & Raynolds Co. v. KDS Paint Co., 382 So.2d 126 (Fla. 4th DCA 1980); Fla.R.Civ.P. 1.090(d). Sub judice, the former wife received written notice on the morning of the hearing, and the fact that the former husband wished to enter the child in school in [Hardee County] along with the other circumstances of this case did not warrant an "emergency hearing" such as was conducted here. The former husband's failure to provide the former wife with reasonable notice deprived her of an opportunity to be heard and, therefore, constitutes a fundamental denial of due process. See Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, petition for review denied, 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972). We, accordingly, reverse the trial court's order and remand for a hearing following proper notice.
522 So.2d at 532-533. We agree with the Hayman court's reasoning. See also Matter of Adoption of Baby James Doe, 572 So.2d 986 (Fla. 1st DCA 1990); Turner v. Greyhound Financial Corp., 567 So.2d 1042 (Fla. 1st DCA 1990).
Furthermore, the hearing on the motion to compel visitation was conducted telephonically without complying with the rule governing such proceedings. Judicial Administration Rule 2.071(b) and (c) permits the court to order a motion hearing to be conducted telephonically. However, in order for the court, sua sponte, to direct such a hearing, the judge must give notice to the parties and "consider any objections they may have to the use of communications equipment" before ordering that such equipment be used. See Fla.R.Jud.Admin. 2.071(b). Only after such objections are considered may the court exercise its sound discretion to determine whether the telephonic equipment shall be used. Telephonic hearings may be requested by a party, but such request must be in writing and must be reasonably noticed to all other parties. Rule 2.071(c).
In the present case, as in Hayman, there was no true emergency that would warrant the extraordinary procedure followed here. The record does not suggest that there was any reason why it was important to have visitation on the dates selected by Reusser. Reusser's purchase of a nonrefundable ticket before ascertaining appellant's acquiescence to visitation or obtaining a court order does not create an emergency. Further, there were two working days left before the visitation was to begin. A hearing scheduled on Friday would have provided a measure of due process if the court, in the exercise of its discretion, deemed the circumstances sufficiently exigent and appropriate for a hearing on short notice. There is some suggestion the judge assigned to the case may have been unavailable on Thursday or Friday, but bad luck or poor timing likewise do not equate to an emergency.
The lower court is commended for its accessibility and willingness to assist the litigants; however, one and one-half hour's notice, under the circumstances presented in this record, was too little to meet the requirements of due process.
REVERSED.
HARRIS, C.J., and PETERSON, J., concur.
NOTES
[1] Most of the facts in this opinion come from the transcript of testimony given during the subsequent contempt trial of Somerville for violation of the appealed order.
[2] The record indicates that Somerville was out of town for a least a portion of this time period.