693 So.2d 666 (1997)
Michael W. LOUDERMILK, Appellant,
v.
Sharon L. LOUDERMILK, Appellee.
No. 96-04571
District Court of Appeal of Florida, Second District.
May 7, 1997.
*667 John A. Naser, Lakeland, for Appellant.
Michael P. McDaniel of C. Ray McDaniel, P.A., Bartow, for Appellee.
PER CURIAM.
The appellant, Michael Loudermilk, challenges an emergency order granting the appellee, Sharon Loudermilk, temporary custody of the parties' minor child without affording appellant notice and an opportunity to be heard. We reverse because the circumstances in the instant case do not rise to the level of an emergency required to issue an ex parte order.
On October 21, 1991, the trial court dissolved the parties' marriage. The parties have two children: Justin, born December 22, 1986, and Shannon, born April 26, 1987. In the judgment of dissolution, the trial court granted primary residential care of the two children to appellant and ordered appellee to pay child support. Appellee filed a verified petition for modification on September 5, 1996, seeking primary residential custody of Justin. Significantly, appellee did not serve a copy of the petition on appellant.
The petition alleged that appellant consented to Justin moving into appellee's residence on June 6, 1995. As a result, appellee transferred the child from the Highlands County school system to the Polk County school system. Shortly before filing the petition, appellee asked appellant if she could stop paying support for both children. The petition alleged that appellant responded by stating he intended to reclaim physical custody of Justin on September 7, 1996, and that appellant began inquiring about transferring Justin back to the Highlands County school system.
The petition sought an emergency order granting temporary custody to appellee. Specifically, the petition stated: "The Former Wife is greatly concerned for the welfare of her son in that he has been residing with her for over a year, has been attending Avon Park Elementary School for over a year, and feels that it would be inappropriate to change his school considering that the school year has just begun.... The Former Wife is in dire need of an Emergency Order granting her temporary custody of the parties' minor child ... to prevent the Former Husband from removing said child from the home that he has been living at for over a year now, and the school he has been attending for the same length of time."
Without notice to appellant, on September 6, 1996, the trial court entered an emergency order granting appellee temporary custody. Thereafter, appellant moved to vacate the emergency order, arguing that he received no notice of the petition for modification or the emergency order until he was served with process on September 10, 1996. He also argued that there was no emergency for which to enter such an order and that appellee failed to comply with the procedural requirements for change of custody. The trial court denied appellant's motion to vacate the emergency order and this appeal followed.
Under extraordinary circumstances, a trial court may enter an order *668 granting a motion for temporary custody of a child without affording notice to the opposing party. However, such an order requires an emergency situation such as where a child is threatened with harm, or where the opposing party plans to improperly remove the child from the state. See Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995); see also Wilson v. Roseberry, 669 So.2d 1152 (Fla. 5th DCA 1996) (concluding that parent's removal of children from state without noncustodial parent's knowledge was not emergency); Somerville v. Reusser, 649 So.2d 339 (Fla. 5th DCA 1995) (holding that former wife's refusal to allow visitation and former husband's purchase of nonrefundable airplane ticket did not create emergency). Even where a trial court properly enters a nonfinal order modifying custody without notice to the opposing party, "an opportunity to be heard should be provided as soon thereafter as possible." Wilson, 669 So.2d at 1154.
Failure to give notice of a hearing to the opposing party absent a true emergency deprives the opposing party of its right to procedural due process. See Hayman v. Hayman, 522 So.2d 531 (Fla. 2d DCA 1988). Similar to the case at bar, Hayman involved the transfer of a child to a different school within the context of a custody dispute. In that case, the father moved for contempt against the mother arguing that she refused to comply with the final judgment of dissolution regarding child custody. Although the mother did not receive notice of the hearing on the motion for contempt until the day before the scheduled hearing, the trial court refused to grant the mother a continuance of the hearing. At the hearing, without the presence of the mother or her attorney, the father testified that the mother refused to return the child to the father so that he could enter the child in school in Wauchula. The trial court entered an order directing the mother to immediately deliver the child to the father as the primary residential parent. This court reversed because the mother was denied her right to procedural due process absent reasonable notice of the hearing. This court stated: "[T]he fact that the [father] wished to enter the child in school in Wauchula along with the other circumstances of this case did not warrant an `emergency hearing' such as was conducted here." Id. at 533; see also Roque v. Paskow, 22 Fla. L. Weekly D351, ___ So.2d ___ (Fla. 4th DCA Jan. 31, 1997) (holding that failure of trial court to afford parent adequate prior notice or opportunity to present evidence in proceeding to temporarily modify child custody violated parent's due process rights to notice and opportunity to be heard).
In the instant case, appellant was given no notice of appellee's petition for modification until he was served with the emergency order. Neither appellant nor his attorney was present at the hearing on the motion for emergency order. The petition alleged no reason for the failure to give notice to appellant. Further, appellee did not establish the type of emergency which would warrant an ex parte emergency order temporarily modifying child custody. See Hayman, 522 So.2d at 533. We conclude that the entry of the trial court's emergency order in the instant case without notice to appellant deprived appellant of his right to procedural due process. Accordingly, we reverse and remand to the trial court for further proceedings.
Reversed and remanded.
PARKER, A.C.J., and LAZZARA and WHATLEY, JJ., concur.