PER CURIAM.
This is an appeal of a final judgment terminating parental rights. Over the objection of the mother’s counsel, at, trial, the Department presented the testimony of a treating psychiatrist, as well as a former foster parent of the child, via telephone. The psychiatrist testified as to the mother’s perilous psychiatric condition, the foster mother also gave damaging testimony about the mother. We agree with the appellant that without notice or her consent, the telephone testimony of these two vitally important witnesses violated the Florida Rule of Judicial Administration 2.071, which provides in pertinent part:
(d) Testimony.
(1) Generally. A county or circuit court judge may, if all the parties consent, allow testimony to ' be taken through communication equipment.
(2) Procedure. Any party desiring to present testimony through communication equipment shall, prior to the hearing or trial at which the testimony is to be presented, contact all parties to determine whether each party consents to this form of testimony. The party seeking to present the testimony shall move for permission to present testimony through communication equipment, which motion shall set forth good cause as to why the testimony should be allowed in this form.
[[Image here]]
(4) Confrontation Rights. In juvenile and criminal proceedings the defendant must make an informed waiver of any confrontation rights that may be abridged by the use of communication equipment.
See also Somerville v. Reusser, 649 So.2d 339(Fla. 5th DCA 1995)(Hearing on former husband’s motion to compel visitation, which was conducted telephonically and only hours after wife was given faxed notice of hearing, did not comply with rules governing proceedings and denied wife due process absent notice to wife and consideration of objections to use of telephone for hearing.)
The Department argues that notwithstanding the error, there was other testimony presented to the trial judge that supports the order of termination and the final judgment. We disagree. Considering the gravamen of the witnesses’ testimony and the nature of the order at issue, permitting the use of the telephone testimony without the mother’s consent, violated the mother’s due process rights.
Reversed and remanded.