PER CURIAM.
Joan Messner, claimant to the estate of Joseph DeDeo, appeals from an order sustaining the personal representative’s objection to her claim against the estate, and denying her motion for extension of time.[1]
We reverse and remand, as the trial court erred in denying the motion for extension of time without affording proper notice to the claimant or her attorneys. We do not reach the issue of the merits of Messner’s claim.
Messner, a resident of New York, filed her claim against the estate within the statutory claims period, through the New York law firm of Iannuzzi and Iannuzzi. The personal representative filed an objection. On September 5, 2001, Messner’s Florida counsel moved for an extension of time for New York counsel to file an independent action against the estate. The court set a hearing on the motion for September 28, 2001. On September 11, 2001, the offices of Iannuzzi and Iannuzzi, located one block away and across the street from the World Trade Center, were destroyed.
The hearing was reset for November 8, 2001, then postponed until November 29, 2001 at the court’s request. The court then verbally instructed the attorney for the estate to notify Messner’s local counsel that the hearing would be held on November 28, and not November 29. No written notice was provided to local counsel or to New York counsel. Instead, the date change was telephonically conveyed to a secretary in local counsel’s office, who did not convey the change to the attorney. The hearing was held on November 28; neither Messner nor any of her attorneys was present. At the hearing, the court granted the personal representative’s objection to the claim and denied the motion for extension of time as moot. The court then denied the claimant’s motion for rehearing; she appeals.
Florida Rule of Civil Procedure 1.090(d) provides that “[a] copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before *455 the time specified for the hearing.” This court has held that
the effect of the rule is to require a party whose motion is to be heard to make sure that proper notice is given to the opposing party. This is true even though the court changes the time of the hearing. Of course the requirement for notice may be met by the court itself, either by proper announcement at the time originally scheduled or by written notice from the court.
Polland v. Visual Graphics Corp., 240 So.2d 835, 836 (Fla. 3d DCA 1970) (emphasis added); see also Devoe & Raynolds Co., Inc. v. KDS Pcdnt Co., 382 So.2d 126, 127 (Fla. 4th DCA 1980) (holding that “[a]bsent extraordinary circumstances, proper notice should include written notice served a reasonable time before the time specified for the hearing.”). Having counsel for the personal representative merely telephone opposing counsel’s secretary and leave a message was woefully inadequate, and amounted to a deprivation of due process of law. See Devoe & Raynolds, 382 So.2d at 127.
In sum, we reverse and remand for further proceedings consistent with this opinion.

. This is an appealable final order pursuant to Florida Rule of Appellate Procedure 9.110(a)(2). See In re: Estate of Elliott, 798 So.2d 13 (Fla. 1st DCA 2001).