LAMBERT, J.
Safa Suleiman (“Former Wife”) appeals both the trial court’s emergency ex parte order on Basem Yunis’s (“Former Husband”) motion for return of children and the order denying her emergency motion to vacate the ex parte order. The net effect of these two orders was to modify the parties’ timesharing responsibilities.[1] We reverse because we conclude that Former Wife was denied due process and because there was insufficient evidence to modify timesharing.
The parties’ marriage was dissolved by a final judgment rendered on January 22, 2008. The parties were awarded shared parental responsibility of their four minor children, with Former Wife being designated as the “primary custodial parent.” Former Husband was awarded unsupervised “visitation rights” with the minor children every Wednesday after school and on alternating weekends. At the time of the dissolution of marriage, both parties resided in Orange County.
' Former Wife later remarried. In November 2014, she and the four children moved to Polk County, Florida, with her new husband. At that time, Former Wife removed the children from their Orange County schools and enrolled each child in school in Polk County.
On December 16, 2014, Former Husband filed a verified ex parte emergency motion for return of children. Former Husband alleged that Former Wife had prevented him from exercising his time-sharing with the children since early October 2014 and had removed the children from their schools in Orange County without discussing this move with him. Former Husband further alleged that Former Wife was “secreting” the children from him and requested that the court issue an ex parte pick-up order to return the children “to Orange County to his care.”
On January 13, 2015, the trial court granted Former Husband’s motion without notice to Former Wife or a hearing, ordering Former Wife to return the minor children to Former Husband within 12 hours of being served with the order. The order further provided that the children “shall reside with the Former Husband until further order of this court.”[2]
*321 Two days later, on January 15, 2015, Former Wife filed an emergency motion to vacate the ex parte order. She alleged that the motion was legally insufficient for purposes of the requested ex parte relief and that she had been denied the right to be heard prior to the entry of the January 13 order. Former Wife requested that the order be vacated and that the court “set an evidentiary hearing on the regular docket on the enforcement of the final judgment at which [Former Wife] may contest the facts and present evidence and argue in opposition.” Nevertheless, on the next day, the court held a hearing on Former Wife’s motion. The court found that the Former Wife had moved approximately 28.2 miles from her prior residence, but that the “relocation crossed county lines.”[3] The court further found that prior to its issuance of the January 13, 2015 ex parte order, Former Husband had not been allowed visitation with the children by Former Wife and that these facts constituted a “violation of shared parenting principles as defined by Florida law.” In its January 16, 2015 order, the court directed that the four children remain in the custody of Former Husband “until further order of the court” and granted Former Wife “visitation” with the children every other weekend.
We begin our analysis with the basic premise that a “[fjailure to give notice of a hearing to the opposing party absent a true emergency deprives the opposing party of its right to procedural due process.” Loudermilk v. Loudermilk, 693 So.2d 666, 668 (Fla. 2d DCA 1997) (citing Hayman v. Hayman, 522 So.2d 531 (Fla. 2d DCA 1988)). “Courts have consistently reversed temporary custody orders entered without notice, with insufficient notice, or with insufficient opportunity to be heard.” R.P. v. Dep’t of Children & Families, 773 So.2d 129, 130 (Fla. 5th DCA 2000) (citing Fee v. Usler, 761 So.2d 361 (Fla. 5th DCA 2000); Lewis v. Lewis, 725 So.2d 462 (Fla. 2d DCA 1999); Simmons v. Simmons, 698 So.2d 947 (Fla. 4th DCA 1997)).
“In order to prevail on a request for a temporary modification of custody, the moving party must meet the burden of proving that (1) a substantial change in the condition of one or both of the parties has occurred, and (2) the best interests of the child will be promoted by the change.” Wilson v. Roseberry, 669 So.2d 1152, 1154 (Fla. 5th DCA 1996) (citing Antonetti v. Amato, 544 So.2d 286, 287 (Fla. 1st DCA 1989)). In Wilson, this court recognized that the entry of an emergency ex parte order temporarily changing custody might be warranted under certain circumstances, “such as where ‘a child is threatened with physical harm or is about to be improperly removed from the state.’ ” Id. (quoting Gielchinsky v. Gielchinsky, 662 So.2d 732, 733 (Fla. 4th DCA 1995)).
In Former Wife’s motion to vacate, she correctly argued that Former Husband did not allege that the children were being threatened with physical harm or were about to be improperly removed from the state. On this basis alone, the January 13 order should have been vacated. See, e.g., Lewis, 725 So.2d at 462 (reversing order transferring temporary custody to father where father’s motion failed to satisfy requisites that would permit entry of emergency order). Furthermore, Former Wife promptly followed the appropriate *322 procedure to contest the initial ex parte order, which is essentially the same procedure to contest the issuance of a temporary injunction without notice. See State v. Beeler, 530 So.2d 932, 934 (Fla.1988) (stating that a defendant may contest the issuance of a temporary injunction without notice by filing a motion to dissolve with the trial court). Once Former Wife challenged the ex parte order, Former Husband had the burden to show that there was sufficient evidence to support the issuance of the ex parte order. See Ashby v. Murray, 113 So.3d 951, 955 (Fla. 5th DCA 2013) (quoting Dep’t of Children & Families v. D.B.D., 42 So.3d 916, 920-21 (Fla. 4th DCA 2010)).
At the hearing on Former Wife’s motion to vacate, Former Husband failed to come forward with sufficient evidence to support the issuance of the ex parte order. Additionally, Former Husband did not present sufficient, competent evidence that a substantial change of circumstances had occurred and that the best interests of the children would be promoted by a modification of the timesharing schedule. The lower court’s failure to dissolve this order in the absence of any evidence to support its issuance was an abuse of discretion. See Fee, 761 So.2d at 365 (finding that the trial court abused its discretion in failing to dissolve the court’s emergency order since the party who obtained the ruling did not present competent evidence to support the issuance of the order). Furthermore, to the extent .that the court changed the parties’ timesharing with the children based upon its conclusion that there was “a violation of shared parenting principles as defined by Florida Law,” this too was error. See Decker v. Lyle, 848 So.2d 501, 503 (Fla. 2d DCA 2003) (noting that a “decision of the trial court on the issue of temporary custody must be based upon the best interests of the child and not as a sanction for the conduct of either of the parties” (citations omitted)); Landingham v. Landingham, 685 So.2d 946, 950 (Fla. 1st DCA 1996) (“Changing a child’s custody is not a device to be used to obtain compliance with court orders.” (quoting Crippen v. Crippen, 508 So.2d 1339, 1340 (Fla. 4th DCA 1987))). We therefore vacate the January 13, 2015 and January 16, 2015 orders.
REVERSED; ORDERS VACATED.
LAWSON, C.J., and SAWAYA, J., concur.

. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c)(iii).

. Former Wife delivered the children to Former Husband in compliance with the ex parte order.

. There was no prohibition in the final judgment against relocation. Furthermore, section 61.13001(3), Florida Statutes (2014), which requires a parent to either obtain consent from the other parent or a court order before relocating with a child, was not implicated because Former Wife’s relocation was less than 50 miles from her principal place of residence. See § 61.13001(l)(e), Fla. Stat. (2014).