IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

DARREN HURST,

      Appellant,

v.                                                                    Case No.  5D16-672

DELIA MELO HURST,

      Appellee.

_____/

Opinion filed June 10, 2016

Non-Final Appeal from the
Circuit Court for Orange
County, Mike Murphy, Judge.

Melanie M. Demps, of McMichen,Cinami, &
Demps, PLLC, Orlando, for Appellant.

No Appearance for Appellee.

PER CURIAM.

Darren Hurst ("the Husband") appeals an order finding him in contempt for failure to pay temporary child support and requiring him to bring his child support payments current within five days.  Because the Husband was not afforded due process, we reverse.

During the pendency of the parties' dissolution of marriage proceeding, the trial court ordered the Husband to pay child support in the amount of $1490 per month for the months of October 2015 through February 2016.  Subsequently, on January 21, 2016, Delia Hurst ("the Wife") filed a verified emergency motion for contempt and for an order

compelling the Husband to pay child support.[1]  Four days later, the trial judge's judicial assistant sent an e-mail message to the Wife's attorney requesting a proposed order on the emergency motion.  The Husband's attorney was copied on the e-mail and immediately filed a written response, objecting to the matter being treated as an emergency.  The following day, notwithstanding the lack of a hearing, the trial court entered an order granting the Wife's motion.

The failure to afford the Husband an opportunity to present evidence and be heard on the Wife's motion deprived him of his right to procedural due process.  *See Suleiman v. Yunis*, 168 So. 3d 319, 321 (Fla. 5th DCA 2015) ("We begin our analysis with the basic premise that a '[f]ailure to give notice of a hearing to the opposing party absent a true emergency deprives the opposing party of its right to procedural due process.'"); *see also Chetram v. Singh*, 937 So. 2d 716, 719 (Fla. 5th DCA 2006) ("A person facing civil contempt sanctions is entitled to notice and an opportunity to be heard.").[2]

REVERSED and REMANDED.

ORFINGER, EVANDER and EDWARDS, JJ., concur.

---

[1] One week prior to the filing of the Wife's emergency motion, the Husband had filed a motion seeking to terminate his temporary child support obligation on the grounds that the parties' two minor children were temporarily residing with him and that he had been terminated from his job.  In her emergency motion, the Wife did not reference the Husband's earlier motion, nor did she allege that the Husband's alleged failure to make his temporary child support payments was willful.

[2] We would further observe that the trial court's order failed to make the requisite finding that the Husband's alleged failure to pay child support was willful.  *See Bowen v. Bowen*, 471 So. 2d 1274, 1278-79 (Fla. 1985).