# Third District Court of Appeal

## State of Florida

Opinion filed September 26, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1616
Lower Tribunal No. 19-1127-FC-04
_____

**Marisa Joy Savitsky,**
Petitioner,

vs.

**Jason M. Leibowitz,**
Respondent.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County,  Ivonne Cuesta, Judge.

Sandy T. Fox, P.A., and Sandy T. Fox and Sara E. Ross, for petitioner.

Law Offices of Diane M. Trainor, and Diane M. Trainor, for respondent.

Before LOGUE, C.J., and MILLER and GOODEN, JJ.

PER CURIAM.

Because we find that the trial court did not depart from the essential requirements of the law, we deny the petition.  See Loudermilk v. Loudermilk, 693 So. 2d 666, 667–68 (Fla. 2d DCA 1997) ("Under extraordinary circumstances, a trial court may enter an order granting a motion for temporary custody of a child without affording notice to the opposing party.  However, such an order requires an emergency situation such as where a child is threatened with harm, or where the opposing party plans to improperly remove the child from the state.  Even where a trial court properly enters a nonfinal order modifying custody without notice to the opposing party, an opportunity to be heard should be provided as soon thereafter as possible.") (internal citations omitted); Wilson v. Roseberry, 669 So. 2d 1152, 1154 (Fla. 5th DCA 1996) ("[W]here the trial court is authorized to enter an emergency ex parte modification order, in our view the court should thereafter afford the custodial parent prompt notice and opportunity to be heard. Stated another way, the trial court should make every reasonable effort to allow both parties to be heard prior to issuing an emergency modification order.  If this is not possible, however, an opportunity to be heard should be provided as soon thereafter as possible.").

Petition denied.