# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2024-1089
Lower Tribunal No. 2023-DR-13786

_____

ILYAS ZINNUROV,

Appellant,

v.

VICTORIA SHELEGINA,

Appellee.

_____

Appeal pursuant to Fla. R. App. 9.130 from the Circuit Court for Orange County.
Diana M. Tennis, Judge.

June 13, 2025

NARDELLA, J.

In this ongoing dissolution action, Ilyas Zinnurov ("Husband") appeals the trial court's interlocutory ruling ordering him to provide his wife, Victoria Shelegina ("Wife"), with access to half of the funds that were held in and allegedly transferred from a joint account that he shared with the parties' minor child.[1]

This matter stems from Wife's unsworn motion for contempt, in which she claimed, without citation to any evidence, that Husband violated an administrative order by transferring the funds in question during the pendency of this action.

---

[1] We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii)a.

Notably, Wife's motion did not request an interim division or access to any of the funds, which had yet to be classified as marital or nonmarital assets. Several months after the motion was filed and without the benefit of a response from Husband, the trial court entered an order directing Husband to respond to the motion and, sua sponte, providing Wife with access to half of the yet to be classified funds.

On appeal, Husband rightly complains that he was never heard before he was ordered to provide Wife with access to half of the funds in question, thus violating his right to procedural due process. *See, e.g.*, *Woolf v. Woolf*, 90 So. 2d 905, 911 (Fla. 4th DCA 2005) ("While a person facing civil contempt is not entitled to all of the due process rights afforded to a person facing indirect criminal contempt, he or she is nonetheless entitled to a proceeding that meets the fundamental fairness requirements of the due process clause of the Fourteenth Amendment. This requires that the alleged contemnor be provided with adequate notice and an opportunity to be heard." (internal citation omitted)); *see generally N.C. v. Anderson*, 882 So. 2d 990, 993 (Fla. 2004) ("Procedural due process requires both reasonable notice and a meaningful opportunity to be heard.") (citing *Dep't of Law Enf't v. Real Prop.*, 588 So. 2d 957, 960 (Fla. 1991)). Based upon the facts of this case, we agree it was error for the trial court to rule the way it did, without any warning, on an unsworn and unsupported motion for contempt. *See Hurst v. Hurst*, 192 So. 3d 1262, 1262–63 (Fla. 5th DCA 2016) ("The failure to afford Husband an opportunity to present evidence and be heard on Wife's motion [for contempt] deprived him of his right to

2

procedural due process.").[2]  To be clear, the trial court was well within its power to order Husband to respond to the motion or to notice Wife's motion for hearing. What it could not do without any warning, was partially grant an unsworn and unsupported motion for contempt without giving Husband a meaningful opportunity to be heard.[3]

REVERSED and REMANDED.

STARGEL and SMITH, JJ., concur.

Gary S. Israel, Orlando, for Appellant.

John N. Bogdanoff, of The Carlyle Appellate Law Firm, Orlando, and Susan W. Savard, of West Family Law Group, Orlando, for Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

---

[2]  Although Husband had adequate time to file a response, he was never appraised by rule or published procedure of a deadline to respond, or that failure to respond in writing, could result in the trial court ruling without a hearing.

[3] In addition to the violation of Husband's right to procedural due process, the trial court in essence granted Wife an interim, partial distribution of the funds in question without following section 61.075(5), Florida Statutes, which governs such distributions. § 61.075(5)(a), Fla. Stat. (2024) (allowing for an interim, partial distribution of marital assets "only upon good cause shown and upon sworn motion establishing specific factual basis for the motion").

3