317 So.2d 83 (1975)
Frederick HILTON and Fish and Game Improvement Corporation, Petitioners,
v.
Sergio FLORIO et al., Respondents.
No. 75-349.
District Court of Appeal of Florida, Third District.
July 29, 1975.
Rehearing Denied September 11, 1975.
*84 Philip G. Nourse, Ft. Pierce, for petitioners.
Bernard H. Butts, Jr., and Anthony Dieguez, Hialeah, for respondents.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is a petition for writ of certiorari by Frederick Hilton and Fish and Game Improvement Corp., defendants in the trial court, seeking review of an order of the circuit court sitting in its appellate capacity, affirming an order of the county court denying the defendants' motion to set aside final judgment of damages and foreclosure and writ of execution.
On October 26, 1973, Sergio Florio and Portmart, Inc., respondents herein, filed their claim against Hilton and Fish and Game in the county court, seeking damages for breach of contract, account stated, and foreclosure of mechanics lien for work and services performed on a boat. A pretrial conference was held on January 31, 1974. Florio and Portmart, the plaintiffs, were represented by counsel; Hilton and Fish and Game, the defendants, were not. The court advised them to retain counsel, which they did. On April 15, 1974, defense counsel filed an answer with affirmative defenses and a counterclaim for damages in excess of $2,500. Several days later, plaintiffs filed a motion to dismiss the counterclaim. On May 15, the county court, without notice to defendants' counsel, granted the motion to dismiss the counterclaim, and on May 23, the court entered ex parte, a final judgment of damages and foreclosure. A few days later, plaintiffs' counsel mailed a copy of the final judgment, together with a copy of the order of May 15, dismissing the counterclaim, to defendants' counsel. Defendants then filed a motion to set aside the final judgment which the county judge denied. In the order of denial, however, the court made a finding of fact, "That the plaintiff did not notify the Defendant of the hearing date on the Plaintiffs' Motion to Dismiss the Counterclaim." The defendants filed an appeal in the circuit court and filed a supersedeas bond. The circuit court affirmed the county court's order and this petition for writ of certiorari ensued.
Based upon the above-stated facts, the petition for certiorari is granted. We find that the circuit judge, acting in his appellate capacity, departed from the essential requirements of law in affirming the trial court's order dismissing the counterclaim since the defendants were given no notice of hearing on the motion to dismiss, which is not a motion to be entertained by the court ex parte. See Rule 1.090(d), RCP. The Rules of Civil Procedure are applicable herein since Summary Procedure Rules apply only to actions not exceeding $1,500. Rule 7.010, RSP.
Therefore, the order of the circuit court affirming the trial court is quashed and the orders dismissing the counterclaim and denying the defendants' motion to set aside final judgment are hereby reversed.