443 So.2d 459 (1984)
Richard INGAGLIO, Appellant,
v.
Virginia ENNIS and Mathew Ennis, Appellees.
No. 83-611.
District Court of Appeal of Florida, Fourth District.
January 11, 1984.
*460 James L. Kershaw, Fort Lauderdale, for appellant.
John P. Shevock of Gillespie, McCormick, McFall, Gilbert & McGee, Fort Lauderdale, for appellees.
GLICKSTEIN, Judge.
This is an appeal from a final judgment in favor of the plaintiffs against a defendant doctor following a jury verdict of $45,000 for the wife and $10,000 for the husband. The sole issue is whether the trial court erred in entering a pretrial order which reads as follows:
THIS CAUSE having come before the Court on the plaintiffs' Ore Tenus Motion to Strike Defendant's Answer and Affirmative Defense for willful disobedience of the Court's Order of December 19, 1980, requiring the filing of a responsive pleading within twenty days and for failure to file timely answers to interrogatories and Motion for Entry of a Default, the Court having heard argument of counsel and having considered the file and being otherwise fully advised, it is
ORDERED AND ADJUDGED that the Answer and Affirmative Defenses of the Defendant are hereby stricken as sanctions imposed for willful disobedience of this Court's Order of December 19, 1980, and for failure to file timely answers to interrogatories, and the Plaintiffs' Motion for Entry of a Default is hereby granted. Upon notice by either party, this case will be set for trial on the issue of damages, only.
The original and supplemental record reflect the following:
1. In August, 1980, appellees served written interrogatories upon appellant.
2. In December, 1980, the trial court denied appellant's motion to dismiss directed to appellees' complaint.
3. In June, 1981, appellees (a) moved for default against appellant for failure to file an answer after denial of appellant's motion to dismiss; (b) moved to compel appellant to answer the interrogatories served almost one year prior thereto; and (c) noticed both motions for hearing to be held at 9:00 a.m. on July 30, 1981.
4. On July 29, 1981, appellant served upon appellees by hand delivery (a) answers to interrogatories and (b) his answer and affirmative defense to the complaint.
5. On July 30, 1981, at 8:44 a.m., appellant filed the original of his answer to the complaint; and at 9:25 a.m. on the same date filed his answers to interrogatories.
6. On July 30, 1981, the trial court assumedly conducted the hearing previously noticed and considered appellees' written motions as well as their oral motion to strike appellant's answer and affirmative defense and granted all of the motions by order dated August 10, 1981.
First, the trial court was without authority to default appellant because of his failure to answer. The answer was filed before the hearing on appellees' motion for default. See Florida Rule of Civil Procedure 1.500(b) and (c) as well as Leon Shaffer Golnick Advertising, Inc. v. Cedar, 423 So.2d 1015 (Fla. 4th DCA 1982).
Second, the trial court erred in considering an ore tenus motion when only written motions had been filed and noticed for hearing. The only notice appellant had prior to the hearing was that which was in writing; therefore he had a right to expect that (a) his filing of an answer and affirmative defense eliminated the risk of default and (b) the only sanction sought by appellees based on appellant's failure to file answers to interrogatories was that contained in the motion; namely, to compel that the interrogatories be answered. They had been, albeit, on the day prior to hearing. In Devoe & Raynolds Co. v. KDS *461 Paint Co., 382 So.2d 126, 127 (Fla. 4th DCA 1980), this court held:
Telephoning opposing counsel to inform him of an intention to argue a motion served on opposing counsel by mail on the same day as the intended argument was surely not the procedure contemplated by subsection (6), supra. Moreover, the procedure here was in direct violation of Rule 1.090(d), Florida Rules of Civil Procedure,[3] constituted a denial of due process[4] and was, for all practical purposes, an ex parte consideration of appellees' motion.[5] Absent extraordinary circumstances, proper notice should include written notice[6] served a reasonable time before the time specified for the hearing.
[3] Fla.R.Civ.P. 1.090(d) provides: "A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing."
[4] Brooker v. Smith, 101 So.2d 607 (Fla. 2nd DCA 1958); State, Dept. of Transportation v. Plunske, 267 So.2d 337 (Fla. 4th DCA 1972).
[5] Hilton v. Florio, 317 So.2d 83 (Fla. 3rd DCA 1975); Lieberman v. Marshall, 236 So.2d 120 (Fla. 1970).
[6] See Polland v. Visual Graphics Corp., 240 So.2d 835 (Fla. 3rd DCA 1970).
Here, appellant had absolutely no notice of any ore tenus motion or hearing thereon and he had reason to believe the motion to compel has become moot by his serving, however late, his answers to same. We could not have faulted the trial court had the written motion asked the court to consider other sanctions than to compel answers.
We are chagrined by all of the judicial effort that must be repeated by this decision  another jury trial becoming necessary because of unexplained foot dragging. It can be as deleterious to stretch the rules as it is to break them; and an unnecessary encumbrance upon the administration of justice makes it that much more difficult not only for the parties victimized by the stretching but for the entire system. It is outrageous, in the absence of any explanation, to consider the time and expense needlessly occasioned the trial judge, the judges of this court, jurors, witnesses, clerks, law clerks and others, simply because appellant waited until the axe was going to fall before filing his answer and answers to interrogatories. While we must reverse the trial judge, we can certainly understand her frustration in this case as well as that of appellees' counsel.
REVERSED.
WALDEN, J., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.