HERSEY, Judge.
The petition for writ of certiorari seeks to overturn two orders in receivership proceedings authorizing the sale of real property for a set amount per acre. We take jurisdiction, grant the petition and quash the orders.
Tomlock Groves, Ltd., a Florida limited partnership, is engaged in the business of operating and selling small citrus groves. Petitioner Bailey is a general partner, respondent Treasure is both a general and limited partner, and respondent Ronald Cameron is the personal representative of the estate of Byron Cameron, a deceased general and limited partner.
In 1982 respondents brought an action against petitioner to enjoin his continued handling of the partnership’s business. A receiver was appointed to handle the day-to-day affairs of the partnership.
In December, 1983, the trial court authorized the receiver to sell the six orange groves owned by the partnership for $2,500 per acre. In January, 1984, the orange groves were appraised at $428,000, which is more than $3,000 per acre. In February, 1984, the receiver moved the lower court to authorize a sale of the groves to Norman *539 Blood, II, for $2,300 per acre, pursuant to a proposed sale contract, and noticed the motion for hearing on February 10. The hearing proceeded despite the prior withdrawal of the offer. At the request of the receiver’s attorney, the court ruled that (1) the receiver would have exclusive authority to negotiate the sale of the partnership’s property; (2) the receiver would be authorized to accept $2,300 per acre for the groves, so long as the offer contained substantially the same terms and conditions as the Blood offer; and (3) the receiver would have the discretion to agree that the partnership would indemnify the purchaser from any claim for commissions on the sale. The lower court’s order was entered on February 27, 1984. An order of clarification of the February 27th order was entered on March 9, 1984, stating that the $2,300 sale price was a gross price from which closing costs, fees or commissions would be deducted.
Bailey petitioned this court for a writ of certiorari seeking a determination that the trial court departed from the essential requirements of law in entering the orders of February 27 and March 9, 1984.
Petitioner takes the position that the trial court should not have permitted the receiver to raise matters at the February 10 hearing which were not contained in the receiver’s written motion. That motion sought only the court’s approval of the sale of the groves to Norman Blood, which offer had been withdrawn prior to the hearing. Petitioner contends that he had insufficient notice of the matters argued at the hearing and on which the court ruled, because those matters were raised for the first time at the hearing. His position is that he was not afforded an opportunity to properly prepare for the hearing and was thus denied due process of law.
It should first be noted that the receiver alleges in his response to the order to show cause that petitioner may not raise lack of sufficient notice before this court where he failed to object on that ground at the hearing. Petitioner did, however, move for rehearing on this ground just a few days after the hearing, which motion was denied. This was sufficient to preserve the point for appeal, as the trial judge was provided with an early opportunity to correct the error, which is the purpose of requiring a contemporaneous objection. Castor v. State, 365 So.2d 701 (Fla.1978).
In Ingaglio v. Ennis, 443 So.2d 459, 460 (Fla. 4th DCA 1984), this court held that “the trial court erred in considering an ore tenus motion when only written motions had been filed and noticed for hearing,” and that written notice of matters to be heard should be given “[ajbsent extraordinary circumstances.” Id. at 461. In In-gaglio, appellees filed written motions for a default for failure of appellant to file an answer and to compel answers to interrogatories. Prior to the hearing, appellant served his answer and affirmative defenses and answers to interrogatories on appel-lees. At the hearing, appellees made an oral motion to strike appellant’s answer and affirmative defenses. This court found that the trial court had improperly considered the oral motion where “appellant had absolutely no notice of any ore tenus motion or hearing thereon and he had reason to believe the motion to compel has [sic] become moot by his serving, however late, his answers to same.” Id.
A similar situation is presented by the instant case. The receiver’s written motion asked only for approval by the court of the Blood offer. When that offer was withdrawn, another written motion should have been filed apprising petitioner of the new matters the receiver intended to bring before the court. Instead, the receiver improperly raised the matters orally at the hearing. There is no evidence of “extraordinary circumstances” which would excuse the receiver from filing a written motion. He had notice of the withdrawal of the Blood offer earlier in the week, and thus had ample time to provide petitioner with written notice of the matters to be heard.
Petitioner also correctly points out that “[a] sale by a receiver should be *540 carefully watched by the court and not approved where the sale is for less than the property should reasonably be expected to sell, and then only where there is a showing of necessity.” Fugazy Travel Bureau, Inc. v. State, 188 So.2d 842, 844 (Fla. 4th DCA 1966); Robineau v. De Long, 92 Fla. 418, 109 So. 636 (1926). The trial court entered an order permitting the receiver to sell the partnership’s orange groves for $2,300 per acre. An appendix filed with the petition reflects that in December, 1983, the parties agreed that the property was worth $2,500 per acre, and it was appraised at approximately $3,000 per acre in January, 1984. This is the only evidence as to the price at which “the property should reasonably be expected to sell.” Unaccepted offers to purchase, such as the Blood offer, may not be considered as evidence of value. Kalb v. Int’l Resorts, Inc., 396 So.2d 199 (Fla. 2d DCA 1981). Thus, the trial court erred in approving a sale of the property for $2,300 per acre, as there was no evidence of the reasonableness of that price.
The orders complained of constitute departures from the essential requirements of law that may not be remedied on plenary appeal. Consequently, we grant certiorari, quash the orders of February 27 and March 9, 1984, and remand this cause for further proceedings.
CERTIORARI GRANTED; ORDERS QUASHED; REMANDED.
DELL and BARKETT, JJ., concur.