PARIENTE, Judge.
Defendant Iteka International (Iteka), a Turkish corporation, appeals the entry of a default against it. We reverse the order granting default because Iteka’s motion to quash service and motion to dismiss for lack of personal jurisdiction were pending at the time the default was entered and also because plaintiff Hinson failed to serve Iteka with prior notice of his application for default.
This case arises from supplemental proceedings whereby Hinson, as trustee of West Coast Pension, sought to enforce a $310,-107.67 judgment against Thomas S. Waldron. Hinson impled Iteka based on allegations *205 that Waldron’s share of stock in one corporation, Diamond C. Holdings, Inc., was transferred to Iteka and other impled defendants in order to delay, hinder or defraud Wal-dron’s creditors.
On March 24, 1995, Hinson moved for a default against Iteka due to its failure to plead or otherwise defend. Hinson filed a return of service, executed by a Georgia sheriff, stating that he served Thomas S. Waldron at the federal prison camp on January 31, 1995 as “president, vice-president, secretary, director, business agent, employee for Iteka International, a Turkish Corporation.”
On April 3, 1995, the trial court denied Hinson’s motion for default. The order provided that Iteka had 20 days to “respond to the second amended proceedings supplementary complaint.” On that same date, Iteka filed a motion to quash service of process, a motion to dismiss for laek of personal jurisdiction, and a motion for an enlargement of time to file supporting documents. There is nothing in the record to indicate that the trial court ruled on or otherwise considered any of Iteka’s motions at the time of the hearing on the motion for default.
On April 18, 1995, Iteka filed a second motion for enlargement of time to file its supporting affidavit, alleging that the representative with the most knowledge of its business activities resided in Turkey. Iteka set the motion for hearing on May 2, 1995. Prior to the hearing, Iteka filed an affidavit of Thomas S. Waldron which stated in pertinent part that:
Contrary to the representations in the Summons, I am not the president, vice-president, secretary, director, business agent, employee, or principal of Iteka International. I am not an other head, cashier, treasurer, general manager, officer, or resident agent of Iteka International. I am not an agent transacting business in the State of Florida for Iteka International. I am not otherwise authorized to receive service of process for Iteka International.
No transcript has been provided of the May 2, 1995 hearing. However, on May 4, 1995, the trial court entered an order which denied Itekas motion for enlargement of time and granted Hinson’s ore tenus motion for entry of default against Iteka.
Before addressing Hinson’s motion for default, the trial court should have addressed Iteka’s pending motion to quash service and motion to dismiss for lack of personal jurisdiction. On the record before us, there is no indication that the trial court ever ruled on these pending motions.
Iteka also asserts that the trial court was without authority to grant the default because the motion for default was made ore tenus at the May 2, 1995 hearing without prior notice having been served. Florida Rule of Civil Procedure 1.500(b) provides that if the defendant has filed or served any paper in the action, the “party shall be served with notice of the application for default.”
Citing rule 1.500, this court has recognized that the failure to produce proof of service of the required application for default alone renders the entry of a default judgment erroneous. Clearvalle, Inc. v. Cohen, 561 So.2d 1354 (Fla. 4th DCA 1990). In Zeigler v. Huston, 626 So.2d 1046, 1047 (Fla. 4th DCA 1993), we noted that in order to properly enter a default after a party has appeared, notice of the application for default must be served on the party. See also Camerota v. Kaufman, 666 So.2d 1042 (Fla. 4th DCA 1996).
Hinson’s position is that here, unlike in Clearvalle, Iteka was present at the hearing when Hinson made his ore tenus motion. Hinson misses the point. The only written motion noticed for hearing on May 2, 1995 was Iteka’s motion for enlargement of time. Iteka still had pending motions to quash and dismiss. Iteka had no prior notice of Hin-son’s ore tenus motion for default. Moreover, Rule 1.500(b) specifically provides that a party who has filed or served any paper “shall be served with notice of the application for default.” Thus the entry of the default was in direct contravention of the letter and spirit of the rule.
In Ingaglio v. Ennis, 443 So.2d 459, 460 (Fla. 4th DCA 1984), this court, citing to our opinion in Devoe & Raynolds Co. v. KDS *206 Paint Co., 382 So.2d 126, 127 (Fla. 4th DCA 1980), held that “[a]bsent extraordinary circumstances, proper notice should include written notice served a reasonable time before the time specified for the hearing.” See also South Florida Vendorama, Inc. v. Colodny, 348 So.2d 1212 (Fla. 4th DCA 1977). Here, no extraordinary circumstances justified Hinson’s failure to file a written motion for default and to serve Iteka with a copy of that motion in accordance with Florida Rule of Civil Procedure 1.500(b). This failure further compels reversal of the default.
Accordingly the order granting default is reversed and this case is remanded for proceedings consistent with this opinion.
REVERSED.
GUNTHER, C.J., and STONE, J., concur.