700 So.2d 48 (1997)
David L. BUETTNER, Appellant,
v.
CELLULAR ONE, INC., a Florida corporation, n/k/a McCaw Cellular Communications Of Florida, Inc., a Florida corporation; and McCaw Cellular Communications Of Florida, Inc., a Florida corporation, Appellees.
No. 96-1650.
District Court of Appeal of Florida, First District.
September 3, 1997.
Rehearing Denied October 15, 1997.
Arnold R. Ginsberg of Arnold R. Ginsberg, P.A., and Nance, Cacciatore, Sisserson & Duryea, Miami, for Appellant.
Andrew H. Nachman of Howell, O'Neal & Johnson, Jacksonville, for Appellees.
PER CURIAM.
This cause is before us on appeal from the trial court's entry of summary judgment in favor of Appellees. Appellant filed an action against Appellees, seeking to hold them vicariously liable for the allegedly negligent acts of its deceased employee, Horner, based on an automobile accident involving Appellant and Horner. The trial court entered final summary judgment in favor of Horner, in Appellant's claim against him, based on the statute of limitations having run. The trial court then entered summary judgment for Appellees.
On appeal, Appellant contends that he is entitled to the four-year statute of limitations for negligence in his vicarious liability action against Appellees, Horner's employers, even though Appellant's claim against Horner is barred under a two-year statute of limitations.[1]
We hold that Appellant's vicarious liability action against Appellees is barred by the well-settled doctrine that "when a principal's liability rests solely on the doctrine of respondeat superior, a principal cannot be held liable if the agent is exonerated." Bankers Multiple Line Ins. Co. v. Farish, 464 So.2d 530, 532 (Fla.1985); Walsingham v. Browning, 525 So.2d 996, 997 (Fla. 1st DCA 1988)(stating that "[i]n an action against an employer for the actions of the employee based upon the theory of vicarious liability or respondeat superior, the plaintiff must show liability on the part of the employee: `[I]f the employee is not liable the employer is not liable.'") (quoting Mallory v. O'Neil, 69 So.2d 313, 315 (Fla.1954)). See also Allie v. Ionata, 503 So.2d 1237, 1242 (Fla.1987)(holding that "dismissals based on limitation statutes are adjudications on the merits for res judicata purposes"); Citibank, *49 N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir.1990)(res judicata bars vicarious liability action against employer when employee is not liable). Thus, we affirm the trial court's entry of summary judgment for Appellees.
BOOTH, JOANOS and WOLF, JJ., concur.
NOTES
[1] The trial court entered summary judgment against Appellant in his negligence claim against Horner based on the two-year statute of limitations provided in sections 733.702(5) and 733.710, Florida Statutes. Appellant did not appeal that judgment.