GREEN, J.
This is a consolidated appeal, brought by Ronald R. Molina, individually, and his company, Financial Capital of America, Inc. (“FCA”), from two separate judgments entered in favor of Floyd Watkins on a counterclaim. FCA’s judgment was entered pursuant to an ore tenus motion for default made by Watkins just prior to the start of trial when FCA’s counsel was permitted to withdraw. Molina’s judgment was entered pursuant to a jury verdict. For the reasons which follow we reverse both judgments, but remand with instructions that the trial court enter an interlocutory order in favor of FCA and against Watkins for counts 1, 2 and 6 of *961 Watkins’ counterclaim and convert Molina’s judgment into an interlocutory order until such time as the trial court disposes of all other remaining issues against Molina in this case.
I
According to the operative pleadings, Molina filed suit against Watkins for tor-tious interference and defamation. Watkins filed a twelve count countersuit against Molina individually and against his company, FCA, for: (1) violation of Florida Securities and Investor Protection Act; (2) common law fraud; (3) breach of fiduciary duty; (4) civil remedies for criminal practices act (witness tampering in violation of sections 914.22-914.23); (5) civil remedies for criminal practices act (perjury in violation of chapter 837); (6) racketeering (securities fraud in violation of chapter 517); (7) malicious prosecution; (8) abuse of process; (9) defamation; (10) civil forfeiture and other injunctive relief; (11) injunctive relief to protect against racketeering (witness tampering in violation of sections 914.22-914.23); and (12) civil theft. All parties demanded a jury trial on all counts.
Prior to trial, the court entered summary judgment in favor of Watkins on the tortious interference count and entered summary judgment in favor of Molina (but not FCA) on count 12 (civil theft claim) of Watkins’ counterclaim. The trial court sua sponte ordered the severance of count 4 (civil remedies for criminal practices act) and count 5 (civil remedies for criminal practices act) of Watkins’ counterclaim from the plenary trial, pursuant to Rule 1.270(b) of the Florida Rules of Civil Procedure. The case was then scheduled for jury trial on the remaining counts of the complaint and counterclaim.
On the first day of trial, FCA’s legal counsel failed to appear and Molina appeared pro se. Molina orally represented to the trial court, as FCA’s president, that FCA’s legal counsel had planned to appear and make a motion to withdraw. Molina on behalf of FCA, voiced no objection to this proposed withdrawal and indicated to the court that FCA had no funds to retain new counsel. The trial court permitted the withdrawal of FCA’s counsel. Watkins then made an ore tenus motion for default against FCA since a corporate entity could not represent itself at trial and Molina was not an attorney.[1] Molina objected and requested that no judgment be entered against FCA until the close of the evidence at trial. The trial court, however, granted Watkins’ ore terms motion for default against FCA as to counts 1, 2, 3, 6, 7 and 8 of the counterclaim.[2]
In its purported default judgment against FCA, the trial court reserved ruling on Watkins’ count 3 (breach of fiduciary duty); count 7 (malicious prosecution); and count 8 (abuse of process). The court also stated in this judgment that “[njothing contained herein shall prejudice counts 3, 4, 10 and 11 of Watkins’ counterclaims.” No order has been entered by the lower court on these issues.
Since Watkins was seeking liquidated damages in counts 1, 2, and 6 of the counterclaim against FCA, the trial court included such liquidated amounts including *962 pre-judgment interest in the final default judgment. However, because Watkins sought unliquidated damages in counts 3, 7 and 8, FCA’s default judgment did not include damages for those counts which presumably were to be determined at trial. No evidence of such damages was adduced at the trial below by Watkins and the trial court never made any written rulings as to damages for counts 9, 10, 11 and 12 of the counterclaim. In fact, this case proceeded to jury trial solely on Molina’s count for defamation against Watkins and counts 1, 2, 3 and 6 of Watkins’ counterclaim against Molina.[3]
The jury returned its verdict in favor of Watkins on Molina’s defamation claim. As to the counterclaim, the jury returned its verdict in favor of Watkins and against Molina for count 3 (breach of fiduciary duty); but in favor of Molina and against Watkins for count 1 (securities fraud); count II (common law fraud); and count 6 (securities fraud pursuant to the civil remedies for criminal practices act). A purported final judgment was entered against Molina pursuant to this jury verdict wherein execution was to issue. However, in this judgment, the court reserved for separate trial the severed counts 4 and 5 of the counterclaim pertaining to the civil remedies for criminal practices act relating to witness tampering, in violation of sections 914.22 and 914.23 and the civil remedies for criminal practices act relating to perjury, in violation of chapter 837. The court also reserved ruling on count 10 of the counterclaim relating to civil forfeiture and other injunctive relief. FCA and Molina filed separate appeals. Their respective appeals have been consolidated for purposes of our review.
II
FCA JUDGMENT
On this appeal, FCA raises three issues. First, FCA asserts that the trial court abused its discretion when it entered a default judgment against FCA pursuant to Watkins’ ore tenus motion where all parties had demanded a jury trial on all issues and where FCA had no prior notice of Watkins’ ore tenus motion for default. FCA next contends that, in any event, the default judgment for counts 1, 2, and 6 of the counterclaim cannot stand where Watkins sought to impose liability against FCA as a result of Molina’s conduct and Molina was exonerated by the jury on these counts in the trial court. Finally, FCA maintains that the purported final default judgment cannot stand where it did not dispose of all of the pending issues between the parties.
As to the first issue, we agree that the trial court abused its discretion when it entered a final default judgment against FCA prior to submitting any issues to the jury where all parties had demanded a jury trial and no party had withdrawn its demand. See, e.g., Turner Properties, Inc. v. Marchetta, 607 So.2d 506, 507 (Fla. 3d DCA 1992) (non-appearance by defendants does not relieve plaintiff of its obligation to introduce evidence on liability, and is not basis for entry of default); Cluett v. Krystyniak, 532 So.2d 739, 739 (Fla. 2d DCA 1988) (trial court erred in entering default judgment where the pleadings set forth disputed issues regarding liability and there was no evidence before court prior to its determination of liability); Ortiz-v. Nicolaides, 196 So.2d 186, 187 (Fla. 3d DCA 1967) (trial court abused its discretion in entering default against defendant as to *963 liability upon failure of defendant or counsel to appear at trial). Moreover, the entry of this final default judgment was an abuse of discretion where FCA received no prior notice of Watkins’ ore terms application for default pursuant to Rule 1.500(h), Fla. R. Civ. P.[4] See Maranto v. Dearborn, 687 So.2d 940, 941 (Fla. 3d DCA 1997) (holding that “[a]ny default entered in violation of the due process notice requirement of Rule 1.500 [, Fla. R. Civ. P.] must be set aside without any regard as to whether a meritorious defense is presented or excusable neglect is established.”).
Rule 1.500(b) makes clear that if a defendant such as FCA has filed or served any paper in the action, that “party shall be served with notice of the application for default.” See State, Dep’t. of Rev. v. Thurmond, 721 So.2d 827 (Fla. 3d DCA 1998) (judgment entered without notice to a party is void abinitio); Dep’t. of Transp. v. Mastrangelo, 691 So.2d 643 (Fla. 5th DCA 1997) (order of default improper where defendant, who had filed papers in action, had not been served with notice of default). See also International Energy Corp. v. Hackett, 687 So.2d 941, 943 (Fla. 3d DCA 1997) quoting Clearvalle, Inc. v. Cohen, 561 So.2d 1354 (Fla. 4th DCA 1990) (stating that “failure to produce proof of service of the required notice of application for default alone renders the entry of a default judgment erroneous.”). Absent extraordinary circumstances, an ore tenus motion made in open court does not constitute prior notice of default judgment, even when the party is present. See, e.g., Iteka International v. Hinson, 671 So.2d 204 (Fla. 4th DCA 1996). As the Iteka court explained, “[ajbsent extraordinary circumstances, proper notice should include written notice served a reasonable time before the time specified for the hearing.” Id. at 206, quoting, Ingaglio v. Ennis, 443 So.2d 459, 460 (Fla. 4th DCA 1984). Here, as in Iteka, no extraordinary circumstances justified Watkins’ failure to file and serve a written motion for default against FCA pursuant to Rule 1.500(b), Fla. R. Civ. P. We therefore reverse the final default judgment entered against FCA.
FCA next asserts, and we agree, that upon remand, judgment must be entered in its favor and against Watkins in counts 1, 2 and 6 of the counterclaim where the jury found no liability on the part of Molina, FCA’s principal and president, on those counts. The law is settled that where an agent or employee is found to have no liability, then a judgment cannot stand against the principal or employer on the basis of vicarious liability or respon-deat superior. See Williams v. Hines, 80 Fla. 690, 86 So. 695, 699 (1920) (where a jury by its verdict exonerates the servant but finds the master guilty, the verdict as to the master is erroneous.); Buettner v. Cellular One, Inc., 700 So.2d 48 (Fla. 1st DCA 1997) (when principal’s liability rests solely on respondeat superior, principal cannot be liable if agent is exonerated); See also, e.g., Rothman, M.D., P.A. v. Hebebrand, 720 So.2d 595 (Fla. 4th DCA 1998) (physician’s professional association, which defaulted, could not be held liable for malpractice, where association’s liability was only vicarious and jury found in favor of physician); Keyes Co. v. Sens, 382 So.2d 1273, 1275 (Fla. 3d DCA 1980) (holding that: “defendant ... whose liability for the acts of its employees was vicarious, *964 based on respondeat superior ... was not subject to a verdict or judgment for compensatory damages in excess of the amount of damage determined and found against its defendant-employees, the active tortfeasors”). According to the allegations contained in Watkins’ counterclaim, Molina acted as FCA’s agent and president at all material times. FCA correctly points out that the pleadings indicate that Watkins is attempting to hold FCA vicariously .liable for Molina’s actions on a respondeat superior basis. As such, to the extent that Molina was exonerated on counts 1, 2 and 6 of the counterclaim at the trial below, judgment must likewise be entered in favor of FCA on these counts upon remand of this cause.
FCA finally challenges the form of the final default judgment entered against it. However, given the fact that we have reversed this judgment, it is unnecessary for us to address the form of this judgment and we now turn our attention to Molina’s point on appeal.
Ill
MOLINA JUDGMENT
On this appeal, Molina’s sole contention is that the trial court erred in issuing what purports to be a final judgment based upon the jury’s verdict and orders execution while simultaneously reserving ruling on certain counts and severing yet two more counts for separate trial. We agree.
It is axiomatic that a judgment is final for purposes of an appeal when it adjudicates the merits of the cause and disposes of the action between the parties, leaving no judicial labor to be done except the execution of the judgment. See McGurn v. Scott, 596 So.2d 1042, 1043 (Fla.1992), citing Gore v. Hansen, 59 So.2d 538 (Fla.1952). In the instant case, by reserving jurisdiction in the final judgment to address the other counts of Watkins’ counterclaim, the trial court failed to dispose of all of the pending issues between the parties and the judgment against Molina was therefore not final. By entering this judgment in the form that it did, the lower court forced Molina to prematurely take an appeal in order to protect his rights under this judgment. See, e.g., Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987). If this purported final judgment is permitted to stand, there would presumably be successive appeals from the trial court’s disposition of the remaining pending issues. The piecemeal review of various issues in a case is highly disfavored by appellate courts and should be avoided. See Sax Enter., Inc. v. David & Dash, Inc., 107 So.2d 612, 613 (Fla.1958) (stating that “piecemeal review of cases is not favored by an appellate court, and care should be exercised by trial judges to avoid, so far as possible, the necessity for successive appeals”). We therefore summarily reverse the judgment entered against Molina in this cause pursuant to Rule 9.315(b), Fla. R.App. P. and as we did in Hugh F. Culverhouse, Jr., P.A. v. Barth, 699 So.2d 795 (Fla. 3d DCA 1997) and Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987), we remand this cause with instructions that the trial court enter an interlocutory order against Molina on the issues concluded thus far and once the remaining issues have been disposed of, that final judgment be entered to include the amounts or damages which Watkins has previously been determined to be entitled to recover. Upon entry of a final judgment, both Molina and Watkins will have then the right to take an appeal of any issue(s) they deem appropriate.
Reversed and remanded with instructions.

. See Szteinbaum v. Kaes Inversiones y Valores, C.A., 476 So.2d 247, 248 (Fla. 3d DCA 1985) ("[i]t is well recognized that a corporation, unlike a natural person, cannot represent itself and cannot appear in a court of law without an attorney.” (citations omitted)); see also Richter v. Higdon Homes, Inc., 544 So.2d 300 (Fla. 1st DCA 1989) (non-lawyer sole shareholder of a corporation may not represent the corporation).

. The trial court never made any written rulings at to counts 9, 10, 11, and 12 in Watkins’ counterclaim against FCA.

. The parties do not explain the disposition (if any) of count 9 (defamation) of Watkins' counterclaim.

. That rule provides that:
When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, that party shall be served with notice of the application for default.