FARMER, C.J.
Joanides challenges an order dismissing his complaint on due process grounds — ■ that he was not given notice that the motion to dismiss would be considered at the hearing. The trial court entered the order in spite of the lack of notice to the plaintiff. We reverse.
Plaintiff had filed a motion to strike a memorandum of law submitted in support of defendants’ pending motion to dismiss. Plaintiff served a notice of hearing on the motion calendar, specifying only his motion to strike. The notice said nothing about the pending motion to dismiss. Defendants did not file any notice that the pending motion to dismiss would also be considered at the hearing on plaintiffs motion to *1071 strike the memorandum. The court nevertheless decided the motion to dismiss and entered an order granting it.
Defendants concede they did not give any notice that the motion to dismiss would also be considered, as required by the plain language of the rule. There were no extraordinary circumstances justifying the lack of notice. See Ingaglio v. Ennis, 443 So.2d 459 (Fla. 4th DCA 1984) (error in considering oral motion when only written motions had been noticed for hearing); see also Harreld v. Harreld, 682 So.2d 635 (Fla. 2d DCA 1996) (parties served with notice must have actual notice and time to prepare); Hilton v. Florio, 317 So.2d 83 (Fla. 3d DCA 1975) (error for court to dismiss counterclaim where defendants were given no notice of hearing on motion to dismiss).
REVERSED.
WARNER and SHAHOOD, JJ., concur.