# SIXTH DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

Case No. 6D2023-3824
Lower Tribunal No. 2023-CA-011647-O

_____

MELROSE VENTURES, LLC, INTELLIGENT PAYMENT PROCESSING INC., and SHAWN CARDEN,

Appellants,

v.

UPTEMPO MARKETING CORP., UPTEMPO SERVICING CORP., HANK PAYMENTS CORP., and METROPOLITAN COMMERCIAL BANK,

Appellees.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from Orange County.
Denise Kim Beamer, Judge.

July 25, 2025

PER CURIAM.

Appellants, Melrose Ventures, LLC, Intelligent Payment Processing, Inc., and Shawn Carden, appeal from an order granting a motion to dismiss their complaint and raise two arguments for our consideration. Finding merit in neither, we write only to explain why the second argument was unpreserved.

In 2023, Appellants filed a complaint against Appellees in Orange County, Florida. Appellees moved to dismiss the complaint on several grounds, including that one of the contracts at issue contained a mandatory and exclusive forum selection clause requiring litigation to be commenced in the Province of Ontario, Canada. While Appellants responded to the motion and raised several arguments against enforcement of the forum selection clause, they never argued that the motion should be denied as to Mr. Carden because: (1) he was not a party to the contract requiring litigation in Ontario, and (2) he had entered into a separate agreement with Appellees that contained a forum selection clause requiring litigation in Florida. Based on the arguments presented in the motion to dismiss, the response thereto, and during the hearing, the trial court granted Appellees' motion and dismissed the case in its entirety so it could proceed in Ontario.

Having lost, Appellants moved for rehearing under Florida Rule of Civil Procedure 1.530. In that motion, Appellants argued for the first time that Mr. Carden was not a party to the subject contract and, therefore, its terms could not deprive him of his chosen forum. Ultimately, the trial court summarily denied the motion for rehearing, a ruling Appellants do not challenge.

Rather than challenging the trial court's denial of their motion for rehearing, Appellants challenge only the trial court's granting of their opponents' motion to dismiss. They argue that the trial court erred by granting Appellees' motion to

dismiss because they later raised a meritorious argument against dismissal in their motion for rehearing.[1]

Appellants' argument fails because the trial court was not required to consider an argument that Appellants asserted for the first time in a motion for rehearing. While the trial court had discretion to grant rehearing and then consider Appellants' new argument, it was not required to do so. *See* Fla. R. Civ. P. 1.530(a) ("[O]n a motion for a rehearing of matters heard without a jury, . . . the court *may* open the judgment if one has been entered, take additional testimony, and enter a new judgment." (emphasis added)); *see also Crocker v. Crocker*, 370 So. 3d 363, 365 (Fla. 5th DCA 2023) ("Under Florida Rule of Civil Procedure 1.530 and Florida Family Law Rule 12.530, trial courts have discretion to consider and address arguments raised for the first time in a motion for rehearing, in part to prevent an injustice that would be caused by an error or omission by one of the lawyers." (quoting *Fitchner v. Lifesouth Cmty. Blood Ctrs.*, Inc., 88 So. 3d 269 (Fla. 1st DCA 2012) (internal quotations omitted))); *ARI Fin. Servs., Inc. v. Crystal Cap. Fund Series, LLC*, 404 So. 3d 586, 589 (Fla. 3d DCA 2025) (recognizing that a trial court is not "prohibited from considering an issue raised for the first time in a motion for rehearing"). And, as the party moving for rehearing, it was Appellants' burden below to demonstrate to the trial court why it should exercise its discretion to rehear

---

[1] We do not decide whether the later raised argument was in fact meritorious.

3

a matter that the trial court had already decided. *Kawsar v. Alhamdi Grp., LLC*, 369 So. 3d 1227, 1230 (Fla. 5th DCA 2023) (Eisnaugle, J., concurring); *see also Chris Thompson, P.A. v. GEICO Indem. Co.*, 349 So. 3d 447, 448-49 (Fla. 4th DCA 2022) ("Yet, it is not an abuse of discretion to deny a motion for reconsideration which raises an issue that could have been, but was not, raised in a pre-hearing filing or at the entitlement hearing." (citing *Bank of Am., N.A. v. Bank of N.Y. Mellon*, 338 So. 3d 338, 341 n.2 (Fla. 3d DCA 2022))); *Fision Corp. v. Frueh*, 369 So. 3d 1211, 1217–18 (Fla. 2d DCA 2023) (recognizing "trial courts need not grant rehearing when the movant raises a new argument that could have, and should have, been raised prior to entry of summary judgment"); *Coffman Realty, Inc. v. Tosohatchee Game Preserve, Inc.*, 381 So. 2d 1164, 1167 (Fla. 5th DCA 1982) (concluding that "it is not an abuse of discretion for a trial judge to hold that an affidavit filed with a petition for rehearing is too late"), *approved and adopted by,* 413 So. 2d 1 (Fla. 1982).

It follows then that on appeal, Appellants were required to show this Court that the trial court abused its discretion in denying their motion for rehearing.[2] *Villas at Laguna Bay Condo. Ass'n, Inc. v. CitiMortgage.*, 190 So. 3d 200, 202 (Fla. 5th

---

[2] Such an argument would still have had to have been made in the context of an appeal of the order granting Appellants' motion to dismiss, as an order on a motion for rehearing is not reviewable separately from a review of the underlying final order. Fla. R. App. P. 9.130(a)(4).

4

DCA 2016).  Appellants made no attempt to do so.  Instead, Appellants miss the significance of the procedural posture they were in on rehearing and proceed as if raising an argument for the first time on rehearing is sufficient to preserve an argument, which could have been, but was not, raised when the underlying motion was being heard.  We reject this premise and in doing so join our sister courts in the Second, Third and Fourth Districts who have already found that, as a general rule, new and different arguments untimely raised for the first time in motions for rehearing which were denied are unpreserved.[3] *School Bd. of Pinellas Cnty. v. Pinellas Cnty. Comm'n*, 404 So. 2d 1178, 1178 (Fla. 2d DCA 1981) (issues were not preserved when "appellant raised these issues for the first time in its motion for rehearing in the trial court"); *Ray Med. Ctr., Inc. v. Fla. Ins. Guar. Ass'n*, 406 So. 3d 1086, 1088 n.2 (Fla. 3d DCA 2025) (arguments were not preserved "because

---

[3]As to issues which could *not* have been raised before rehearing, the same reasoning does not apply.  For example, when an error appears for the first time on the face of the order, it is well settled that parties can preserve the issue by filing a motion for rehearing. *See Williams v. Williams*, 152 So. 3d 702, 704 (Fla. 1st DCA 2014) ("[W]here an error by the court appears for the first time on the face of a final order, a party must alert the court of the error via a motion for rehearing or some other appropriate motion in order to preserve it for appeal.").  The same reasoning also does not apply when a trial court grants a motion for rehearing and then rejects a new argument on its merits.  In such a case, the trial court has exercised its discretion to grant rehearing and consider the newly raised argument. *See Crocker*, 370 So. 3d at 365 ("[W]here a trial court exercises its discretion to address an argument raised for the first time on rehearing, the argument is considered preserved for appeal.").

these arguments were not raised below until [appellant's] motion for rehearing")[4]; *High Definition Mobile MRI, Inc. v. State Farm Mut. Auto. Ins. Co.*, 321 So. 3d 818, 824 (Fla. 4th DCA 2021) (argument was not preserved where "raised for the first time in a Notice of Filing Argument in Opposition to Defendant's Motion for Summary Judgment, filed *after* the trial court had already granted the motion for summary judgment and entered a final judgment"); *Trinchitella v. D.R.F., Inc.*, 584 So. 2d 35, 35 (Fla. 4th DCA 1991) (issues were not preserved where "raised for the first time in a motion for rehearing in the trial court").

In contrast, the Fifth District has held that a party can preserve a new argument by raising it for the first time on rehearing. *Kawasar*, 369 So. 3d at 1228 (citing *Elser v. Law Offs. of James M. Russ, P.A.*, 679 So. 2d 309, 312 (Fla. 5th DCA 1996)). Considering himself bound by his court's decision in *Elser*, Judge Eisnaugle wrote a thoughtful concurrence outlining how, if he was writing on a blank slate, he would analyze whether an argument raised on rehearing is properly preserved for appellate review. *Id.* at 1229-31 (Eisnaugle, J., concurring).

Agreeing with his well-reasoned analysis, we expressly adopt his view, which begins by recognizing that to preserve an argument, a "party must make a timely,

---

[4] We note that the Third District previously made the opposite holding in *Bailey v. Treasure*, 462 So. 2d 537, 539 (Fla. 3d DCA 1985). Since *Bailey* does not appear to be the currently prevailing law of the Third District, this opinion does not certify conflict with *Bailey*.

6

contemporaneous objection at the time of the alleged error." *Aills v. Boemi*, 29 So. 3d 1105, 1108 (Fla. 2010). Here, that required Appellants to raise their argument against the motion to dismiss either in response to the motion or at the hearing thereon.

By the time Appellants raised their argument at rehearing, the legal landscape had changed. Before the trial court's dismissal order, the burden rested with Appellees to demonstrate that the trial court should grant their motion *as a matter of law*. *See Ingalsbe v. Stewart Agency, Inc.*, 869 So. 2d 30, 35 (Fla. 4th DCA 2004) ("[A] complaint should not be dismissed for failure to state a cause of action 'unless the movant can establish beyond any doubt that the claimant could prove no set of facts whatever in support of his claim.'" (quoting *Morris v. Fla. Power & Light Co.,* 753 So.2d 153, 154 (Fla. 4th DCA 2000))). After rendition of the dismissal order, the burden shifted to Appellants, as the parties moving for rehearing, to convince the trial court to rehear the motion to dismiss, and the trial court had *substantial discretion* to deny the motion and thereby decline to consider Appellants' new argument. *See Kawsar*, 369 So. 3d at 1230 (Eisnaugle, J., concurring) (explaining that the party moving for rehearing has the burden of showing that the matter should be reopened for further consideration). Since the trial court declined to rehear the motion to dismiss, Appellants' raising a new argument in the motion for rehearing cannot be considered contemporaneous to the trial court's

consideration of the motion to dismiss.  Accordingly, we find Appellants' second argument is unpreserved.  Since our holding is directly in conflict with the Fifth District's, pursuant to Article V, Section 3(b)(4) of the Florida Constitution, we certify this decision to be in direct conflict with *Kawsar* and *Elser*.

AFFIRMED.  CONFLICT CERTIFIED.

STARGEL, NARDELLA and MIZE, JJ., concur.


Peter Ticktin, Jamie Alan Sasson, and Ryan Fojo, of The Ticktin Law Group, Deerfield Beach, for Appellants.

Andrew J. Bernhard, of Bernhard Law Firm PLLC, Miami, for Appellees, Uptempo Marketing Corp., Uptempo Servicing Corp., and Hank Payments Corp.

Gary S. Rosner, of Moritt Hock & Hamroff LLP, Plantation, for Appellee, Metropolitan Commercial Bank.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED